UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

Case No. 04-10094-CIV-HIGHSMITH
Magistrate Judge Turnoff

IN THE MATTER OF THE COMPLAINT
of FURY FLYER, INC. and FURY De
MEXICO S.A. De C.V. for Exoneration
from or Limitation of Liability.
_____/

## CLAIMANT'S MOTION, STIPULATIONS AND SUPPORTING MEMORANDUM OF LAW IN SUPPORT OF A STAY OF THESE FEDERAL COURT PROCEEDINGS PENDING ADJUDICATION OF STATE COURT ACTION

Claimant, DEBBIE BIGNALL, files her Motion for Stay of these Federal Court Proceedings for "Exoneration from or Limitation of Liability" and, as grounds therefor, asserts:

On October 6, 2004, the Petitioners filed their Petition for Exoneration from or Limitation of Liability. The filing of that Petition, which frames the subject matter of these proceedings in federal court, occurred after the September 15, 2004, filing and service of Claimant, DEBBIE BIGNALL'S, Florida state-court Complaint for damages and Demand for Jury Trial arising from the traumatic amputation of her leg after the railing of Petitioner's boat broke causing DEBBIE BIGNALL to fall overboard while the boat was in motion. That case is styled DEBBIE BIGNALL v. FURY CATAMARANS, INC., a Florida corporation, Case No. 44-2004-CA-989-K, and it is filed in Monroe County, Florida.

DEBBIE BIGNALL seeks a stay of these Federal Court proceedings so that she may continue to pursue her action at law for damages. This request is premised upon the "savings to suitors" clause contained in 28 U.S.C. §1333, which provides:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
>> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

Thus, while DEBBIE BIGNALL acknowledges this Court's exclusive jurisdiction over limitation of liability actions, she submits that the exercise of such jurisdiction must be reconciled with the savings to suitors clause contained within 28 U.S.C. 1333(1). *See, e.g., In re the Complaint of Cannon,* 487 F. Supp. 26, 27 (S.D. Fla. 1980)(staying limitation of liability action pending disposition of claimant's state court action noting that a plaintiff's right to limit liability must be balanced with the claimant's right to pursue state court remedies). *Accord, Langnes v. Green,* 282 U.S. 531 (1931); *Newton v. Shipman,* 718 F.2d 959 (9th Cir. 1983); *Universal Towing Co. v. Barrale,* 595 F.2d 414 (8th Cir. 1979); *In re Complaint of Cannon,* 487 F. Supp. 26 (S. D. Fla. 1980).

In resolving possible conflicts between a federal admiralty court in limiting liability under the Limitation Act and a claimant's right to a trial by jury in state court for common law and statutory claims and remedies, courts developed two exceptions to the district court's exclusive jurisdiction. One of the two exceptions is the "single claimant exception" and it is this exception which applies and justifies granting a stay of Petitioners' Limitation of Liability proceedings filed in this Court.

The "single claimant exception" applies when only one claim has been filed and "nothing appears to suggest the possibility of another claim." DEBBIE BIGNALL was the only one injured in the February 13, 2004, incident involving the S/V "COZUMEL FURY." Under the law which has developed, a single claimant will be able to pursue a separate claim, (i.e., the claim BIGNALL

already has filed in state court in Florida) if the claimant first stipulates to the district court's continuing, exclusive jurisdiction to decide the owner's right to limit its liability. She must also stipulate that the value of the limitation fund equals the combined value of the vessel and its cargo and must waive the right to claim res judicata based on any judgment rendered against the vessel owner outside of the limitation proceedings. *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983); *Universal Towing Co. v. Barrale*, 595 F.2d 414, 418 n.6 (8th Cir. 1979). Where the above stipulations and circumstances occur and are present, the district court must "permit the single claimant to pursue a separate action and a jury trial." *Id., citing as authority, Langnes v. Green*, 282 U.S. 531, 540 (1931). In *Langnes*, the Supreme Court stated:

> To retain the cause would be to preserve the right of the ship owner, but to destroy the right of the suitor in the state court to a common law remedy; to remit the cause to the state court would be to preserve the rights of both parties. There mere statement of these diverse results is sufficient to demonstrate the justice of the latter course; and we do not doubt that, in the exercise of a sound discretion, the district court, following that course, should have granted respondent's motion to dissolve the restraining order so as to permit the cause to proceed in the state court, retaining, as a matter of precaution, the petition for a limitation of liability to be dealt with in the possible but . . . the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court, ... *Id.* at 541-42.

Accordingly, because Claimant is a "single claimant" and because there is nothing to suggest the possibility of another claim, Claimant stipulates as follows:

    A.    The District Court has continuing, exclusive jurisdiction to decide the Petitioners' right to limit their liability;

    B.    The value of the limitation fund equals the combined value of the vessel and its cargo; and

LAW OFFICES HAGGARD, PARKS, HAGGARD & BOLOGNA, P.A.
FIRST FLOOR, 330 ALHAMBRA CIRCLE, CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 446-5700

  C. Claimant waives any claim to res judicata based on any judgment rendered against the vessel owner(s) outside of these limitation proceedings;

Authority for granting the stay is also found in cases dealing with the second exception to the exclusivity of this Court's admiralty jurisdiction in limitation of liability cases, to wit: multiple claimant cases. *See, e.g., Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001)(multiple claimant case allowing stay on proper stipulation); *Texaco, Inc. v. Williams*, 47 F.3d 765 (5th Cir. 1995)(same); *Odeco Oil and Gas Co. v. Bonnette*, 4 F.3d 401 (5th Cir. 1993)(same).

WHEREFORE, Claimant, DEBBIE BIGNALL, respectfully requests in light of the above law and stipulations that this Court grant her Motion to Stay these Federal Court Limitation of Liability proceedings so that she may continue to prosecute her state court action for personal injury damages.

### Certificate of Service

We hereby certify that a true and correct copy of the foregoing was mailed this 22 day of November, 2004 to: **Jonathan W. Skipp, Esquire** and **Brian T. Scarry, Esquire**, HORR, NOVAK & SKIPP, P.A., Attorneys for Petitioners, One Datran Center, Suite 1104, 9100 South Dadeland Boulevard, Miami, Florida 33156 (Fax 305/670-2526); **Michael Halpern, Esquire**, MICHAEL HALPERN, P.A., 209 Duval Street, Key West, Florida 33040 (Fax 305/294-9852); and Joel S. Perwin, Esquire, Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422 , Miami, Florida 33131 (Fax 305/779-6095).

.

LAW OFFICES HAGGARD, PARKS, HAGGARD & BOLOGNA, P.A.
FIRST FLOOR, 330 ALHAMBRA CIRCLE, CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 446-5700

LAW OFFICES OF JAN BAISCH
1000 SW Broadway, Suite 2450
Portland, Oregon 97205
Telephone:    503/226-3636
Facsimile:    503/226-3635
By:    Jan Baisch, Esquire

and

MORGAN & HENDRICK
317 Whitehead Street
Key West, Florida 33040
Telephone:    1/305/296-5676
Facsimile:    1/305/296-4331
By:    Hugh Morgan, Esquire
       Fla Bar No.: 112362

and

HAGGARD, PARKS, HAGGARD & LEWIS, P.A.
330 Alhambra Circle, First Floor
Coral Gables, Florida 33134
Telephone:    305/446-5700
Facsimile:    305/446-1154

By: _____
ROBERT L. PARKS, Fla. Bar No. 061436
JEANNETE C. LEWIS, Fla. Bar No. 987565